# UNITED STATES BANKRUPTCY COURT
# SOUTER DISTRICT OF OHIO
# WESTERN DIVISION at CINCINNATI

Debtor(s) Name   Scott D. Clifton                              Case No. _____

Debtor(s) Name   Theresa J. Clifton

FIRST AMENDED CHAPTER 13 PLAN PRIOR TO CONFIRMATION (Form dated **Feb.2011**)

Debtor(s) are eligible for discharge under Section 1328(f).

**1.      MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**

**A.      MEDIAN INCOME
         CHOOSE ONE (X)**

**ABOVE MEDIAN INCOME            x**

Current monthly income (CMI) minus means test expenses (IRS amounts) = Disposable income (D/I).

D/I (line 59 of the means test) $3,266.77 Times 60 = $196,006.20.

**OR**

**BELOW MEDIAN INCOME          _____**

**B.      PLAN PAYMENT**

       The debtor(s) shall pay to the trustee all projected disposable income in the amount of $  2,600.00    each month for 3 months, stepping up to $3,600.00 each month for the next 44 months, for a total of 47 months.

If the plan is determined to be 'under 36 months' or **above median and 'under 60 months'**, the trustee will serve a notice upon debtor and counsel and increase the percentage.

Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments or 60 months if above median.

This provision does not prohibit the debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

## C. PERCENTAGE: UNSECURED CLAIM PERCENTAGE

  x   This is a percentage plan. The percentage is   100   %.

If above median:

**'Percentage is _____ % at 60 month plan - but 2 month leeway built in for suspensions/emergencies.'**

The liquidation percentage for this plan is _____ % and trustee will pay this amount at a minimum or the disposable income amount, whichever is greater.

Liquidation percentage per 11 U.S.C. § 1325(a)(4):

(Equity) $196,006.20 divided by (unsecured debt) $ 143,395.22  equals (liquidation plan percentage)  100 %. (Note to counsel: add amount from means test into this equation if it is a positive amount.)

## D. PAYROLL DEDUCTION

The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. §1326 (a)(1).

The employer shall make deductions from employee's wages and send deductions to the chapter 13 trustee.

Employer is: Debtor -   Miami Athletic Club
                        930 Lila Avenue
                        Milford, Ohio 45150

            Spouse - Miami Athletic Club
                     930 Lila Avenue
                     Milford, OH 45150

Until the payroll order begins, debtor(s) **MUST** make payments by certified check or money order to:

    Office of the Trustee
    P.O. Box 290
    Memphis, Tn. 38101-0290

Debtor(s)' full name, case number and address must be on all certified checks or money orders.

If debtor(s) are employed, debtor(s)' counsel has uploaded an order for payroll deduction with the filing of this chapter 13. Debtor(s) **MUST VERIFY** with their payroll that funds have actually been sent.

**2. EFFECTIVE DATE OF PLAN AND VESTING OF PROPERTY OF THE ESTATE**

The effective date of the plan shall be the date of confirmation of the plan.

Title to the debtor(s)' property shall revest in the debtor(s) upon confirmation of the plan; provided, however, debtor(s) may not sell any property, real or personal, except upon application to the trustee or motion to the court as specified in LBR 6004-1.

**3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS; PRIORITY PAYMENTS**

Payment shall not be made on any claim unless a proof of claim is filed with the clerk of the Bankruptcy Court or the court issues an order. See Fed. R. Bankr. P. 3002(c).

The trustee is authorized, within her discretion, to calculate the amount and timing of distributions as is administratively efficient.

All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments

**4. ATTORNEY FEES**

The trustee shall pay attorney fees pursuant to filed application for fees and order of the court.

Counsel will be paid a lump sum payment of all funds held by the trustee at confirmation, minus any adequate protection payments, mortgage conduit payments, lease payments, or trustee fees and then **$ 200.00** (suggested amount is $100 to $200) every month until the attorney fee is paid.

After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors.

If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

**5. ADEQUATE PROTECTION PLAN DISBURSEMENTS**

Debtors shall pay adequate protection payments and/or lease payments specified in 11 USC section 1326(a)(1)(B) and (C) and as scheduled in the plan to the chapter 13 trustee. If the case is dismissed or converted, the chapter 13 trustee shall pay these adequate protection payments to the creditor.

**The trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim. Trustee suggests 1.5% of retail.**

|   | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| 1 | CitiFinancial | $100.00 | $2,800.00 |

To the extent that this paragraph duplicates paragraphs 7 & 8, monthly payments proposed for secured claims in paragraphs 7 & 8 supplant these monthly adequate protection payments.

### 6. SECURED CLAIMS § 1325(a)(5)(B)(ii)

Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt or entry of discharge, whichever occurs first. When these conditions have been fulfilled, creditor must transfer the title to any collateral pursuant to non-bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims.

### 7. PMSI - AUTOMOBILES: 910 days

Debtor(s) incurred the following debts on automobiles within 910 days of filing or debtor(s) incurred this debt for a PMSI within one year of filing.

|   | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| 1 | N/A |   |   |

### 8. VALUATION: (Cramdown)

|   | 11 U.S.C. § 506 | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| 1. | CitiFinancial | $200.00 | $2,800.00 |

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the plan as the "Proposed Amount of Allowed Secured Claim" unless the court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 U.S.C. § 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

**9.    DOMESTIC SUPPORT OBLIGATION: 101(14A), 1325(a)(8), 1302(d)(1), 1302(b)(6)**

**CHOOSE ONE -**

**A.**
   __x__    This section is not applicable

**OR**

   _____    Debtor(s), _____ (NAME), is obligated to pay a domestic support obligation.

**B.**

   _____    Debtor(s) will make this payment from a current payroll deduction going directly to this creditor and is current on this obligation.

**OR**

   _____    The trustee shall make the current disbursement in the amount of $_____ monthly. The monthly arrearage payment is $_____.

The name, address and phone number of the holder of the domestic support obligation is listed separately on Schedule E and has been identified as such so that the trustee may send a separate notice as required.

Provide the name, address and phone number of the **Recipient**.

   Name:
   Address:
   Phone:

**10.   PLAN DISBURSEMENTS - DEFAULT PAYMENTS 'INSIDE THE PLAN'**

Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the trustee:

| | Creditor | Monthly Payment | Amount of Default To be Cured | Interest Paid (Y/N) |
|---|---|---|---|---|
| 1. | N/A | | | |

Arrearage Claim

Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest.

Unless modification of creditor(s)' rights is specified in the plan, the debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates and the trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective proofs of claim (subject to debtor(s)' objections thereto).

**11. MORTGAGE CLAIMS**

**Regular mortgage payment**

If the trustee is paying the 'regular' mortgage payment, any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the plan, and the plan will be deemed to have been modified, and the trustee will disburse the mortgage payments according to the amended proof of claim.

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| N/A | | |

Interest should not be paid on this monthly payment.

Trustee may increase the plan payment for conduit cases if served with a filed notice of payment change by mortgagee.

**12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE**

Creditors who will be paid directly by the debtor(s) and not through the trustee are:

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| PNC Bank | $1,999.00 | 7-01-2011 (1st mortgage only) |

Debtor(s) reserve the right to amend and pay these creditors through the plan by filing a motion to modify.

**13. EXECUTORY CONTRACTS IF APPLICABLE**
<u>See</u> Statement of Executory Contracts - Schedule G

| Creditor | Monthly Payment | Payment Begin Date | Assume/Reject |
|---|---|---|---|
| N/A | | | |

### 14. POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS

Post-petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the court orders otherwise. Debtor(s) may file a motion to remove or add any creditor to the plan.

### 15. INTEREST RATE

Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim in an amount of 4.75 %. This interest shall be paid as a part of payments shown as the monthly payment (see *In re Till*).

### 16. PERSONAL INJURY CLAIMS, WORKERS' COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR

The debtor(s) shall keep the trustee informed as to any change in status of any claims for personal injury, workers' compensation, social security or any other claim to which debtor may be entitled. Before the claim can be settled and distributed, the debtor must comply with all requirements for filing applications and motions for settlement with the court as required by the Bankruptcy Code and local rules. These funds shall be treated as additional plan payments or as the court so otherwise orders. The debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims have been paid into the plan or the court so otherwise orders.

### 17. TAX RETURNS AND REFUNDS

Debtor(s) must file tax returns every year that they are in the chapter 13 plan unless exempt by IRS statutes. Any refund above $800 for a single tax return and $1,600 for a joint tax return must be turned over to the chapter 13 Trustee unless otherwise ordered by the court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

### 18. TRANSFERRED CLAIMS

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the plan through discharge [see Fed. R. Bankr. P. 3001(e)(2)].

### 19. SALE OF REAL ESTATE and/or APPLICATION TO INCUR DEBT FOR REFINANCING

Sale or refinancing of real estate must occur per the local bankruptcy rules. The trustee must be served with a copy of the closing statement one day before the closing.

**20. CASUALTY LOSS INSURANCE PROCEEDS**

All insurance proceeds must be turned over to the trustee unless debtor(s)' counsel files a motion to retain proceeds.

**Substitution of Collateral**

If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the debtor(s) shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or **MOVE** to substitute collateral by purchasing a replacement vehicle.

If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the trustee will continue to pay the secured claim.

**21. STUDENT LOANS**

**CHOOSE ONE**

__ x __  This section is not applicable.

OR

_____  Student loans will be paid a dividend as listed below. (Note: you may only pay interest to an unsecured creditor if all claims are paid in full [11 U.S.C. § 1322(b)(10)].

| Creditor | Percentage Paid | Contractual Rate of Interest if case is 100% |
|---|---|---|
| | | |

**22. SURRENDER OF COLLATERAL**

If the plan provides for surrender of collateral to a secured creditor, the trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon confirmation of the plan, any stay created by the filing of the petition pursuant to 11 U.S.C. § 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender.

Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

**23. DISCHARGE - 11 U.S.C. § 1328**

**CHOOSE ONE**

<u>   x   </u>  Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. § 1328 have been fulfilled.

**OR**

<u>         </u>  Debtor(s) **SHALL NOT** receive a discharge upon completion of this case. [no discharge if Debtor(s) have received a discharge in any case filed under chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if debtor(s) have received a discharge in any case filed under chapter 13 within two (2) year period preceding the date of the order for relief under this chapter - 11 U.S.C. § 1328]

Debtor(s) filed this case on <u>                </u>. Debtor(s) have previously filed a chapter 7/13 on <u>            </u>, case number <u>            </u>.

Unless otherwise provided herein, the debtor(s) will not be discharged from debts under 11 U.S.C. § 1322(b)(5).

**24. AUTOMATIC STAY: indicate if motion has been filed**

**CHOOSE ONE:**

<u>   x   </u>  Stay is in effect as to all property of the estate unless this plan indicates otherwise.

<u>         </u>  11 U.S.C. § 362(c)(4)(B) - PRIOR CASES (one) PENDING WITHIN ONE YEAR

<u>         </u>  11 U.S.C. § 362(c)(3) - PRIOR CASE (one) PENDING WITHIN ONE YEAR

<u>         </u>  11 U.S.C. § 362(b)(20) in rem relief TWO YEARS after the date of the entry of order

**25. CO-SIGNERS**

Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 U.S.C. § 1301, and which co-signers, co-makers, or guarantors are not also chapter 13 debtors, may be separately classified. Such creditors may file their claims, including all of the contractual interest that is due or which will become due during the plan.

| Creditor | Percentage Paid | Interest Paid (Y/N) |
|---|---|---|
| N/A | | |

<u>See</u> Schedule H. Payment of the amount specified in the proof of claim shall constitute full payment of the debt as to the debtor(s) and any co-signer, co-maker or guarantor.

**26.   DEFAULT AND WAIVER**

Any default of the debtor that is not proposed to be cured in the plan herein is deemed waived by the confirmation of the plan.

**27.   MODIFICATION**

After opportunity for hearing and upon such notice as the court may designate, if it appears that the circumstances of the debtor(s) so require, the court may, at the confirmation hearing or during the operation of the plan, increase or decrease the amount of payments to be paid by the debtor(s) or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, debtor(s) must file a motion to modify and attach an amended plan.

**28.   NOTICES**

Notice to all parties shall be made by regular mail or electronically.

**29.   CONFIRMATION**

Confirmation of the plan shall constitute a finding by the court that there is good cause to extend the plan beyond the applicable commitment period under 11 U.S.C. § 1325(b)(4), if the plan calls for an extension beyond that period, and that the plan was filed by the debtor(s) in good faith, and that it is the debtor(s)' best effort. All conditions of 11 U.S.C. § 521 have been fulfilled or the debtor(s) have requested an order from the court.

**30.   ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)**

**This plan is the standard plan for Cincinnati. If you use it, any deviation there from should be noted in this paragraph 30. Additional provisions may also be included here.**

Debtors shall file a motion to value and void the 2nd mortgage of PNC Bank as the mortgage is a wholly unsecured claim as the balance due on the 1st mortgage, also to PNC Bank, is excess of the value of the property.  The 2nd mortgage claim of PNC Bank shall be paid and treated as an unsecured claim.  Upon the issuance of a discharge in this case, PNC shall release and cancel its second mortgage.  In the event PNC fails to release and cancel its 2nd mortgage upon discharge, the debtor may present a copy of the discharge order and a copy of the Order on the Motion to value and void the 2nd mortgage of PNC to the county recorder where the mortgage is recorded and the recorder is authorized and ordered to enter a release of the 2nd mortgage of PNC.

Debtor(s) hereby surrender(s) the following personal: 2007 Maxum 24' 350 Horsepower Boat with trailer to G.E. Evendale Employees Fed. Cr. Un.
Trustee will not pay on the claims of G.E. Evendale Employees Fed. Cr. Un. for any lien on the personal property to be surrendered until Creditor files a deficiency claim. The deficiency claim shall be filed no later than 90 days from the date that the within Plan is confirmed/approved by the Court. If the deficiency claim is filed more than 90 days after the date the Plan is confirmed/approved, then it shall be deemed disallowed and shall be discharged upon completion of the Chapter 13 Plan and entry of Discharge Order.

Respectfully submitted,

/s/ Stephen C. Crowe
Stephen C. Crowe #0005960
1019 Main St.
Milford, Oh. 45150
(513) 831-8511
(513) 831-1430 facsimile
crowewelch@fuse.net

I/we declare under penalty of perjury that the information in this plan is true and correct.

DATED: 7/11/11          /s/ Scott D. Clifton
                        Debtor, Scott D. Clifton

                        /s/ Theresa J. Clifton
                        Debtor, Theresa J. Clifton

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2011 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

U.S. Trustee
36 E. 7th St., Ste. 2030
Cincinnati, Oh. 45202

Margaret A. Burks
Chapter 13 Trustee
600 Vine St., Ste 2200
Cincinnati, Oh. 45202

A copy of the foregoing was also served on the above date by regular U.S. Mail to each of the following:

Scott D. Clifton
601 Sioux Court
Milford, Oh. 45150

Theresa J. Clifton
32 Wallace Grove Ln.
Milford, Oh. 45150

/s/ Stephen C. Crowe
Stephen C. Crowe #0005960